UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAN TAPP | CIVIL ACTION |
| VERSUS | NO. 09-3036 |
| THE UNITED STATES OF AMERICA | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court is a motion by Defendant, the United States of America, to dismiss the above captioned matter for want of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Rec. Doc. 17. After considering the memoranda of the parties and the applicable law, **IT IS ORDERED** that the motion is **GRANTED**.

## BACKGROUND

In response to Hurricane Katrina, the Federal Emergency Management Agency ("FEMA") engaged the services of outside companies to assist in providing temporary housing to hurricane victims. In one such instance, FEMA contracted with Shaw Environmental, Inc. ("Shaw") to "identify and provide temporary housing solutions for all people displaced because of Hurricane Katrina." *See* Rec. Doc. 17-3, Exh. A-1, Attachment 1. Pursuant to the terms and conditions of that agreement, Shaw was to establish appropriate locations to install the housing units and perform all tasks associated with the installation. *See* Rec. Doc. 17-3, Exhs. A-1 and A-2.

FEMA also contracted with Crown Roofing Services, Inc. ("Crown") for maintenance, inspection, deactivation, and other services on the housing units. *See id.*, Exh. A-3. As part of its contractual duties, Crown agreed to establish a toll-free telephone line to receive maintenance

complaints and to respond within set time periods to certain complaints. *Id.*

On or about February 27, 2007, Plaintiff, Dwan Tapp, was standing in the doorway of one of the temporary housing units (hereinafter "trailer") when an explosion occurred inside. The explosion was later determined to have been caused by the ignition of liquid propane that had escaped from the stove. Although the trailer was equipped with a liquid propane gas detector, Plaintiff maintains that it failed to sound prior to the accident. Alleging personal injuries as a result of the explosion, Plaintiff filed this action seeking damages from the United States of America (the "Government" or the "Defendant") under 28 U.S.C. § 1346. Defendant now seeks to dismiss the instant lawsuit for lack of subject matter jurisdiction.

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of a district court to hear a case. The party asserting jurisdiction will bear the burden of proof on a Rule 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). It is well settled that, as a sovereign state, the United States is immune from civil suits unless it consents to being sued. *See, e.g., United States v. Mitchell*, 455 U.S. 535, 538, 100 S.Ct. 1349, 1352 (1980); *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998); *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993). Thus, a district court must dismiss a complaint for want of subject matter jurisdiction whenever the United States has not waived its sovereign immunity. *Broussard*, 989 F.2d at 177.

Under the Federal Tort Claims Act ("FTCA"), federal district courts "have exclusive jurisdiction on civil actions on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

2

of any employee of the Government while acting within the scope of his employment. . . ." *See* 28 U.S.C. § 1346(b)(1). Thus, the FTCA constitutes a limited waiver of sovereign immunity rendering the Government liable for certain torts of federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975 (1976). For purposes of the FTCA, "government employees" include officers and employees of any federal agency, but exclude actions by independent contractors. *See* 28 U.S.C. § 2671. Accordingly, "since the United States can be sued only to the extent that it has waved its immunity, due regard must be given to the exceptions, including the independent contractor exception, to such waiver." *Orleans*, 425 U.S. at 814 (citing *Dalehite v. United States*, 346 U.S. 15, 30-31, 73 S.Ct. 956, 965 (1953)).

A "critical factor" in distinguishing a federal employee from an independent contractor is whether the Government controls "the detailed physical performance of the contractor." *Id*.; *see also Linkous*, 142 F.3d at 275. The Fifth Circuit has refined this evaluation in concluding that, while "control of the detailed physical performance may be the most critical factor in identifying an employee, it is not necessarily the *only* factor." *Broussard*, 989 F.2d at 175; *see also Linkous*, 142 F.3d at 275. Thus, in addition to control, the Fifth Circuit also considers the factors set forth in §220 of the Restatement (Second) of Agency (1958). *Linkous*, 142 F.3d at 276.[1]

Pursuant to that analysis, factors suggesting an employee relationship are:

> (1) the work does not require one who is highly educated or skilled; (2) the work is typically done by an employee in the locale, rather than an independent contractor; (3) the employer supplies the tools, instrumentalities, or place of work; (4) the employment is for a considerable period of time with regular hours; (5) the

---

[1] The Restatement (Second) of Agency defines an independent contractor as "a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." *See* Restatement (Second) of Agency § 220.

3

method of payment is by the hour or month; (6) the work is full-time employment by one employer; (7) the work is part of the employer's regular business; and (8) the parties believe they have created an employment relationship.

*Linkous*, 142 F.3d at 276 n. 2 (citing *Rodriguez v. Sarabyn*, 129 F.3d 760, 765 (citing Restatement (Second) of Agency, §220(2) & cmt.(h)).

Here, Plaintiff argues that FEMA exercised physical control over the daily operations of its subcontractors. (Rec. Doc. 18 p. 6). Specifically, Plaintiff claims that FEMA directed Shaw to inspect certain properties designated by FEMA, and to install trailers within a certain number of days after a work order was issued. *Id*. Furthermore, Plaintiff claims FEMA required Shaw to provide status reports in conjunction with the Shaw inspections and to log all maintenance requests. *Id*. Thus, Plaintiff asserts that FEMA is liable.

This Court, however, disagrees with Plaintiff's conclusion. Although FEMA established certain guidelines that the contractors were required to follow, such guidelines do not amount to a control of physical performance. As stated by the Supreme Court: "[B]y contract, the Government may fix specific and precise conditions to implement federal objectives. Although such regulations are aimed at assuring compliance with goals, the regulations do not convert the acts of entrepreneurs . . . into federal government acts." *Orleans*, 425 U.S. at 816. Similarly, Plaintiff's argument that FEMA's contractual reservation of the right to "inspect or otherwise evaluate the work performed" by Crown amounts to an exercise of control carries little weight. The right to evaluate another's work does not alone equate to direct control over the other.

Analysis under the Restatement (Second) of Agency factors yields the same conclusion. That is, analyzing the eight factors under § 220, this Court finds that the companies that FEMA contracted with were, in this instance and for purposes of subject matter jurisdiction, independent

4

contractors. In short, while FEMA issued guidelines for the work to be performed, the contractors were left to handle the specific details of each project and did so without the direct supervision of FEMA. Second, at least some aspects of the installation and maintenance of the trailers required the efforts and services of skilled workers and technicians. Third, there is no indication that FEMA provided equipment or supplies to the contractors. Fourth, the contractors were hired on a term basis and were paid a flat rate for their work. Fifth, it is not apparent that the work in question is that typically done by a employee rather than an independent contractor. Finally, the United States, as a sovereign entity, is not a business. Nor is there any indication that any of the parties believed that they were creating a master-servant relationship.

Thus, considering these factors, the Court concludes that Shaw and Crown acted as independent contractors in providing the aforementioned services for FEMA. As such, the United States cannot be liable for the acts of the Shaw or Crown, as independent contractors, under 28 U.S.C. § 1346.

## CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the Defendant's Motion to Dismiss (Rec. Doc. 17) is **GRANTED**. Because Plaintiff has failed to meet its burden of proof under Rule 12(b)(1), **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 2nd day of August 2010.

**KURT D. ENGELHARDT**
**United States District Judge**